UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER AGOSTA, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| UNION BELL, LLC d/b/a CHICAGO SAMS; | : | |
| | : | |
| Defendant. | : | August 8, 2018 |

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Christopher Agosta, by and through his attorneys, Sabatini and Associates, LLC, complaining of the defendant, Union Bell, LLC d/b/a Chicago Sam's, respectfully alleges:

## PARTIES

1. Plaintiff, Christopher Agosta, is a citizen and resident of the State of Connecticut.

2. Defendant, Union Bell, LLC d/b/a Chicago Sam's, was and is a corporation organized and existing under the laws of the State of Connecticut with a principal place of business located at 95 Elm Street, Enfield, Connecticut 06082

3. At all times material, plaintiff was an employee within the meaning of the ADA Amendments Act of 2008 (ADAAA).

4. At all times material, defendant was an employer within the meaning of the ADAAA.

5. At all times material, plaintiff was an employee within the meaning of the

1

Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

6. At all times material, defendant was and employer within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

7. At all times material, plaintiff was an eligible employee as that term is defined by the Family and Medical Leave Act of 1993 (FMLA).

8. At all times material, defendant employed fifty (50) or more employees at plaintiff's former worksite for twenty or more weeks in 2016 and 2017 in an industry affecting interstate commerce. Accordingly, defendant is an employer covered by the FMLA.

## JURISDICTION AND VENUE

9. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101.

10. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

11. The Court has pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

12. Defendant employed plaintiff.

13. Defendant hired plaintiff on January 4, 2016.

14. Plaintiff's position was General Manager at Chicago Sam's Sports Bar & Grille located at 95 Elm Street, Enfield, Connecticut 06416.

15. Philip Frogameni is a member of Union Bell, LLC.

16. Sam Cusano is a member of Union Bell, LLC.

17. George Colli is a member of Union Bell, LLC.

18. Sam Cusano is the member of Chicago Sam's LLC.

19. Chicago Sam's LLC's business address (as listed with the Connecticut Secretary of State's office) is 85 Deerfield Run, Rocky Hill, Connecticut 06067.

20. A single family residence is located at 85 Deerfield Run, Rocky Hill, Connecticut 06067.

21. Chicago Sam's Sports Bar & Grille has two locations: 95 Elm Street, Enfield, Connecticut 06082; and 51-14 Shunpike Road, Cromwell, Connecticut 06416.

22. The two locations share a website: www.chicagosams.com.

23. Cusano is the secretary/vice president/treasurer of Pennycorner Pub, Inc.

24. Pennycorner Pub, Inc.'s business address is 51-14 Shunpike Road, Cromwell, Connecticut 06416.

25. Defendant shares common management with Pennycorner Pub, Inc. and Chicago Sam's LLC.

26. Defendant has a district manager that oversees the Chicago Sam's in Enfield, Connecticut and in Cromwell, Connecticut.

27. The common management controls the day-to-day operations of both Chicago Sam's Sports Bar & Grilles.

28. The common management has the authority to hire and fire at both Chicago Sam's locations.

29. Defendant shared administration, payroll, human resources, advertising, marketing, banking, employees, and/or purchasing with Pennycorner Pub, Inc. and Chicago Sam's LLC.

30. Defendant had one or more owners in common with Pennycorner Pub, Inc. and Chicago Sam's LLC.

31. Kathleen Sarno is a bookkeeper for defendant.

32. Sarno performs human resource duties for the defendant.

33. Phil Frogameni assumed majority control of defendant's Enfield location in March, 2017.

34. Frogameni supervised plaintiff.

35. Plaintiff has a disability.

36. Specifically, he suffers from diverticulitis.

37. Diverticulitis causes severe abdominal pain.

38. The condition is chronic.

39. Plaintiff's disability forced him to miss several days of work in November, 2016.

40. Plaintiff's disability forced him to spend three (3) days in the hospital in February, 2017.

41. Plaintiff told Cusano that he suffered a "flare-up" of his diverticulitis following his hospitalization.

42. Plaintiff told Cusano on or about February 25, 2017 that he needed to take a leave of absence to undergo bowel resection surgery.

43. Plaintiff informed Frogameni that he needed to take a leave of absence.

4

44. Frogameni asked plaintiff to take his leave as soon as he could.

45. Plaintiff informed Cusano that his surgery date was April 19, 2017, and he would require from three (3) to six (6) weeks of leave to recover.

46. Prior to taking leave Plaintiff spoke to Sarno about taking FMLA job-protected medical leave.

47. Sarno stated that he should not bother, because defendant "didn't qualify."

48. Upon information and belief, defendant had approximately 28 employees at its Enfield location, and more than 40 employees at its Cromwell location as of April, 2017.

49. While plaintiff was out on leave, Frogameni texted him with questions about operating the restaurant.

50. On May 3, 2017, plaintiff informed Cusano that he could return to work on May 8, 2017 if the surgeon cleared him to return.

51. Plaintiff notified Cusano that he had a 10 lb. lifting restriction and requested "light duty" work.

52. Plaintiff sent a txt message to Frogameni stating that he could return to work on May 8, 2017.

53. Plaintiff was not placed on the May 8th schedule.

54. Frogameni responded that defendant did not expect him back that soon and that "we need to meet."

55. On May 11, 2017, plaintiff terminated plaintiff's employment.

56. Frogameni stated during the termination meeting that "we need to lay you off," and that any hours they could offer plaintiff would "be a slap in the face."

57. Defendant's stated reasons for the termination were: it could not afford to pay plaintiff's salary during the slow season; renovation of the restaurant; and they were eliminating the general manager position.

58. Defendant stated that it could not transfer plaintiff to the Cromwell location because of a relationship with that location's general manager.

59. Plaintiff can perform the essential functions of his job with or without a reasonable accommodation.

60. Any and all non-discriminatory excuses to be offered by Respondent to explain its decision to terminate Complainant's employment would be a pretext to mask unlawful discrimination and/or retaliation.

61. Diverticulitis is the inflammation or infection of small pouches called diverticula that develop along the walls of the intestines.

62. Plaintiff's diverticulitis substantially impaired one or more major bodily functions including digestive and bowel.

63. Plaintiff was qualified for the job.

64. Plaintiff performed his job at or above a satisfactory level.

65. On or about September 22, 2017, plaintiff filed a complaint against defendant with the State of Connecticut Commission on Human Rights and Opportunities (CHRO).

66. On or about September 22, 2017, plaintiff filed a complaint against defendant with the Equal Employment Opportunity Commission (EEOC).

67. On or about May 16, 2018, plaintiff received a Release of Jurisdiction from the CHRO (copy attached hereto as Ex.1).

68. On or about July 10, 2018, plaintiff received a right to sue letter from the EEOC. (copy attached hereto as Ex.2).

## FIRST COUNT
### ((Disability Discrimination in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 68 above as if fully incorporated herein.

69. Defendant's actions violate The Americans with Disabilities Act Amendments Act of 2008, which prohibits discrimination on the basis of disability.

70. Defendant, by and through its agents and/or employees, violated the Americans With Disabilities Act, in one or more of the following ways:

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that it adversely affected his status as an employee;

(c) In that defendant terminated plaintiff's employment;

(d) In that defendant treated the plaintiff adversely different from similarly situated employees;

(e) In that defendant discriminated against the plaintiff for requiring a reasonable accommodation; and

(f) In that defendant intentionally discriminated against the plaintiff.

71. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

72. As a further direct and proximate result of defendant's discrimination,

plaintiff has been deprived of income, wages, and benefits.

73. As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

74. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

75. Defendant exhibited reckless indifference to the plaintiff's civil rights.

## SECOND COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 75 above as if fully incorporated herein.

76. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c) In that defendant treated the plaintiff adversely different from similarly situated employees;

(d) In that defendant terminated plaintiff's employment on account of his disability;

(e) In that defendant intentionally discriminated against the plaintiff;

(f) In that defendant discriminated against the plaintiff for requiring a reasonable accommodation

77. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

78. As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

79. As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

80. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

### THIRD COUNT
### (Failure to Provide Reasonable Accommodation in Violation of the ADA Amendments Act of 2008)

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 80 as though fully set forth herein.

81. Defendant, by and through its agents, servants, and/or employees, violated the ADA Amendments Act of 2008 in one or more of the following ways.

(a) In that defendant failed to provide the plaintiff with a reasonable accommodation;

(b)     In that defendant effectively denied the plaintiff a reasonable accommodation by terminating him following his return from the disability-related leave of absence;

(c)     In that defendant failed to initiate an interactive reasonable accommodation process with the plaintiff;

(d)     In that defendant failed to engage in an interactive reasonable accommodation process with the plaintiff.

82.     As a direct and proximate result of defendant's reasonable accommodation denial, plaintiff has been deprived of work and equal employment opportunities because of her disability.

83.     As a further direct and proximate result of defendant's failure to accommodate, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

84.     As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

85.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## FOURTH COUNT
**(Failure to Accommodate in Violation of C.G.S. §46a-60(a)(1))**

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 85 as though fully set forth herein.

86. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways:

    (a) In that defendant failed to provide the plaintiff with a reasonable accommodation;

    (b) In that defendant effectively denied the plaintiff a reasonable accommodation;

    (c) In that defendant failed to initiate an interactive reasonable accommodation process with the plaintiff;

    (d) In that defendant failed to engage in an interactive reasonable accommodation process with the plaintiff.

87. As a direct and proximate result of defendant's failure to accommodate, and termination, plaintiff has been deprived of work and equal employment opportunities because of his disability.

88. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which he was entitled under defendant's employee benefits plan, and interest.

89. As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional

reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

90. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## FIFTH COUNT
### (Retaliation in Violation of the ADA)

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 90 as though fully set forth herein.

91. Defendant, by and through its agents, servants, and/or employees, violated the ADA in one or more of the following ways.

   a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

92. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to his professional reputation.

93. As a further result of defendant's retaliation, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

94. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

## SIXTH COUNT
### (Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1))

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

95. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(a)(1) *et seq.* in one or more of the following ways.

a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

96. As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4), plaintiff suffered damages including: loss of employment, loss of income and wages and benefits, and harm to his professional reputation.

97. As a further result of defendant's retaliatory conduct, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

98. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and retaliatory acts.

## SEVENTH COUNT
### (Interference with the Exercise of Rights under the FMLA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

99. Plaintiff suffered from a medical condition that constituted a serious health condition as that term is defined by the FMLA.

100. Defendant, by and through its agents and/or employees, interfered with and violated plaintiff's rights under the FMLA in one or more of the following ways:

    (a)    by terminating the plaintiff's employment;

    (b)    by denying plaintiff's FMLA rights;

    (c)    by failing to designate his absences as being FMLA protected;

    (d)    by failing to reinstate plaintiff following his return from leave.

101. As a direct and proximate result of defendant's wrongful acts and/or omissions, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee and/or retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

102. Some or all of defendant's actions have been willful.

## EIGHTH COUNT
### (FMLA Discrimination/Retaliation)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

103. Plaintiff invoked his right to FMLA-qualifying leave.

104. Defendant, by and through its agents, retaliated against the plaintiff for the exercise or attempted exercise of his rights under the FMLA in one or more of the following ways:

    (a)    by terminating plaintiff's employment.

105. As a direct and proximate result of defendant's retaliation, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee benefits, and other expenses and financial losses that would not otherwise have been incurred.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, consequential damages, emotional distress; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; liquidated damages; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Dated:   August 8, 2018

_____
James V. Sabatini, Esq. ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>**Christopher Agosta**</u>
**COMPLAINANT**

CHRO No. 1840084
vs.  EEOC No. 16A201701669

<u>**Chicago Sam's, LLC**</u>
**RESPONDENT**

## **<u>RELEASE OF JURISDICTION</u>**

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

**DATE:** <u>**May 16, 2018**</u>

Tanya A. Hughes, Executive Director

cc: Complainant: Christopher Agosta, 16 Jackson Avenue, West Hartford, CT 06110
    Complainant's Attorneys: James V. Sabatini: jsabatini@sabatinilaw.com
                             Matthew Muttart: mmuttart@sabatinilaw.com
    Respondent: n/a
    Respondent's Attorney: Jose A. Aguiar: jaguiar@dwpm.com
    Case File

# EXHIBIT 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Christopher Agosta<br>16 Jackson Avenue<br>West Hartford, CT 06110 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2017-01669 | Amon L. Kinsey, Jr.,<br>Supervisory Investigator | (617) 565-3189 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X]  Other (briefly state)    **Charging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Feng An, Kenneth*

Feng K. An,
Area Office Director

JUL 10 2018
(Date Mailed)

Enclosures(s)

cc:
CHICAGO SAM'S, LLC
85 Deerfield Run
Rocky Hill, CT 06067

James V. Sabatini, Esq.
SABATINI & ASSOC., LLC
One Market Square
Newington, CT 06111